IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **SUSAN J. LIVESAY**, )<br>  Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>**CAROLYN W. COLVIN**, )<br>  **Acting Commissioner of** )<br>  **Social Security**, )<br>  Defendant. ) | Civil Action No. 2:13cv00039<br><br><br>**MEMORANDUM OPINION**<br><br><br><br>By: PAMELA MEADE SARGENT<br>UNITED STATES MAGISTRATE JUDGE |

The plaintiff in this social security case filed a motion seeking an award of attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.A. § 2412(d)(1)(A) (West 2006 & Supp. 2014) (Docket Item No. 22) ("Motion"). Thereafter, the court ordered the Commissioner to respond to the Motion. (Docket Item No. 23.) The Commissioner has responded and does not object to the award of EAJA fees or to the amount of fees requested by plaintiff's counsel. (Docket Item No. 24.) This case is before the undersigned magistrate judge upon transfer pursuant to the consent of the parties under 28 U.S.C. § 636(c)(1). Based on the reasoning set out below, the Motion will be granted, but attorney's fees in a reduced amount will be awarded.

Susan J. Livesay, ("Livesay"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction

1

of this court exists pursuant to 42 U.S.C. § 405(g).  The Commissioner answered the suit, filing the administrative record.  Thereafter, on September 10, 2014, the undersigned vacated the Commissioner's decision denying benefits and remanded Livesay's claim for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g).  (Docket Item No. 20).  Counsel for Livesay has filed a petition seeking approval of a fee of $2,665.00 for representing Livesay in this court.  The Commissioner does not object either to the award of attorney's fees or to the amount requested.  (Docket Item No. 24).

Under the EAJA, the court must award attorney's fees to a prevailing party in civil cases such as this one against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust.  *See* 28 U.S.C.A. § 2412(d)(1)(A).  Here, the plaintiff is the "prevailing party" because the court remanded the case pursuant to "sentence four" of 42 U.S.C.A. § 405(g).  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  The government has the burden of showing that its position was justified.  *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

The government does not dispute that its position was not substantially justified in this case, and because no special circumstances have been presented that would make an award of attorney's fees unjust in this case, I find that the plaintiff is entitled to an award of EAJA fees.  However, for the reasons that follow, I will award a fee in an amount less than that sought by Livesay's counsel.

The EAJA provides that the amount of fees awarded must be based "upon prevailing market rates" and must not exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the

2

limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West 2006).

Livesay's counsel has submitted a sworn, itemized record of his time expended in this case, showing a total of 20.5 hours. (Docket Item No. 22). Despite the fact that some of the entries clearly involved clerical duties, there is no indication that any of these services was performed by nonattorneys, such as secretaries or legal assistants, and the full hourly rate is sought for all of the activities enumerated.

As stated above, the Commissioner has not objected either to the award of attorney's fees or to the amount sought. However, using this court's case of *Chapman v. Astrue* as guidance, I find that it is proper to award a reduced hourly rate under the EAJA for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (quoting *Cook v. Brown* 68 F.3d 447, 453 (Fed. Cir. 1995)). As further stated by this court in *Chapman*, "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." 2009 WL 3764009, at *1 (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).

Keeping these principles in mind, an examination of the itemized record

3

submitted by counsel makes clear that some of the time should be reduced in rate or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.25 hours for preparation of a letter, the original and four copies of the Complaint, Civil Cover Sheet and IFP Application. Plaintiff's counsel further claims .25 hour for receipt and review from this court of the Complaint and the order granting IFP. As this court noted in *Chapman*, such documents are forms routinely submitted by plaintiff's counsel to this court. Additionally, the order granting IFP is one page in length. Therefore, the time to review it should be minimal. That being the case, I will reduce these combined entries to 1.00 hour of nonattorney time and .25 hour of attorney time. Plaintiff's counsel also is claiming .25 hour for sending a letter to this court and copies of the Summons and Complaint to the United States Attorney, Attorney General and General Counsel. I will allow .25 hour of nonattorney time for this. Plaintiff's counsel claims .25 hour for completing service via the court's ECF system. I will allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims .25 hour for receipt via ECF of the Notice of Right to Consent to Magistrate Judge Jurisdiction, signing the form and returning it to this court. I will allow .25 hour of attorney time for this. Plaintiff's counsel claims .50 hour for receipt via ECF of the Commissioner's Answer and Notice of filing of the Administrative Record and Briefing Order, as well as calendaring the brief due date. I will allow .25 hour of nonattorney time for this. Plaintiff's counsel also claims .50 hour for receipt of the Administrative Record. I find this request reasonable, and I will allow .50 hour of attorney time for this. Plaintiff's counsel claims .25 hour for placing a telephone call to the Special Assistant United States Attorney regarding any objections to counsel's request for an extension of time to file his Brief. I also find this request reasonable, and I will allow .25 hour of attorney time for this. Plaintiff's counsel

4

also claims .25 hour for filing via ECF the Motion for Extension of Time and Proposed Order and .25 hour for receipt of the order granting the same. I will allow .25 hour of nonattorney time and .25 hour of attorney time for these activities. Plaintiff's counsel claims a total of 11.5 hours for activities including reviewing and preparation of research, reviewing Livesay's case in detail, reviewing and preparing the medicals for the Brief and working on the Brief to completion. However, as this court stated in *Chapman*, "[i]n the present context, the organization of a client's medical records is a routine and rote task. Although potentially more time consuming when performed by a nonlawyer, this task is easily handled by nonattorney staff under supervision. The benefit of a lower hourly rate should therefore accrue to the client." 2009 WL 3764009, at *2. Therefore, I will allow 7.5 hours of attorney time and 4 hours of nonattorney time for these activities. Plaintiff's counsel also claims .25 hour for filing the Motion for Summary Judgment and Brief. I will allow .25 hour of nonattorney time for this. Plaintiff's counsel claims .50 hour for receipt of the Commissioner's Motion for Summary Judgment and Brief. I find this request reasonable, and I will allow .50 hour of attorney time for this. Plaintiff's counsel claims .25 hour for receipt of the order referring the case to the Magistrate Judge and .25 hour for receipt of the Notice of Right to Consent to Magistrate Judge Jurisdiction with a copy of the signed form that was previously returned to the court. This referral order is one page in length and is a document routinely reviewed by plaintiff's counsel and staff. The other documents received by counsel were ones that had previously been signed and returned. Therefore, I will allow .25 hour of nonattorney time for these activities combined. Plaintiff's counsel also claims .25 hour for receipt via ECF of the Memorandum Opinion and Order remanding the case for further consideration. I find this request reasonable, and I will allow .25 hour of attorney time for this. Lastly, plaintiff's counsel claims 2.25 hours for preparation of the

5

EAJA motion, reviewing the file in detail, gathering times and dates and revising the EAJA motion. Again, EAJA petitions are documents routinely submitted by plaintiff's counsel to this court. Gathering times and dates from the plaintiff's file is a clerical task. Therefore, I will allow 1 hour of nonattorney time and .25 hour of attorney time for these tasks.

Based on the above reasoning, I will not award the $2,665.00 in attorney's fees as requested. Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 10 hours of attorney time compensable at the $125 per hour attorney rate, for a total of $1,250.00 in compensable attorney time. The remaining nonattorney activities total 7.5 hours. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour)). That being the case, the nonattorney time charges in this case total $562.50. Adding the respective attorney and nonattorney totals amounts to a total compensable fee in this case of $1,812.50.[1]

For the foregoing reasons, the Motion will be granted, but attorney's fees under the EAJA will be awarded to plaintiff's counsel in the reduced amount of $1,812.50 . Although this court's past practice has been to order that attorney's fees be paid directly to plaintiff's counsel, the Fourth Circuit has ruled that

---

[1] Plaintiff's counsel initially requested a fee of $2,665.00, reflecting a total of 20.5 hours at $130 per hour. Although the Commissioner does not object to the requested amount of attorney's fees, this court is obligated under the EAJA to determine the proper fee. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 152 (1990).

6

Case 2:13-cv-00039-PMS   Document 25   Filed 10/02/14   Page 6 of 7   Pageid#: 639

"[a]ttorney's fees under the EAJA are [to be] awarded to the 'prevailing party,' not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 140 (4th Cir. 2009). On June 14, 2010, the Supreme Court also held that such attorney's fees are to be paid to the prevailing party. *See Astrue v. Ratliff*, 560 U.S. 586, 597-98 (2010). Thus, attorney's fees in the amount of $1,812.50 will be paid directly to the plaintiff and sent to the business address of plaintiff's counsel.

ENTER: October 2, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE